IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON DAVID SHEEDY, § | |
| TDCJ-CID NO. 1360261, § | |
| Petitioner, § | |
| v. § | CIVIL ACTION NO. H-09-1569 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Respondent. § | |

ORDER

On July 29, 2009, the Court dismissed petitioner's federal habeas petition pursuant to 28 U.S.C. § 2244(d) because it was barred by the governing statute of limitations; the Court denied a certificate of appealability. (Docket Entry No.5). The Fifth Circuit also denied a certificate of appealability. (Docket Entry No.13). Pending is petitioner's "Motion for Relief from Judgment under Federal Rules of Civil Procedure Rule 60(b)(1)(6)." (Docket Entry No.15). In such motion, petitioner argues that but for the errors of the attorneys he retained post-conviction, he would have timely filed a federal habeas petition. (Id.).

Under Rule 60(b) of the Federal Rules of Civil Procedure a district court may relieve a party from final judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the

judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

Petitioner states nothing that would entitle him to relief under Rule 60(b) or entitle him to equitable tolling of the limitations period. Attorney error does not constitute "rare and exceptional circumstances" that would trigger equitable tolling of the limitations period. Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002). An attorney's intentional deceit, however, could warrant equitable tolling if the petitioner can show that he reasonably relied on his attorney's deceptive misrepresentations. U.S. v. Wynn, 292 F.3d 226, 230-31 (5th Cir. 2002); see also Vineyard v. Dretke, 125 Fed Appx. 551 (5th Cir. 2005). In this case, petitioner complains that his appellate attorney advised petitioner's brother that a state habeas application could not be filed until mandate issued from the dismissal of petitioner's direct appeal and that the limitations period for filing a federal habeas petition commenced after mandate issued. (Docket Entry No.15, page 9). Petitioner later employed another attorney who advised him and his family that the federal habeas limitations period would not commence until the ninety day period for filing a petition for writ of *certiorari* had expired. (Id.). Although petitioner has attached many exhibits, he states no facts and presents no evidence to show that either attorney was intentionally deceitful or that he

2

relied on their deceitful misrepresentations. Accordingly, petitioner's Motion for Relief from Judgment under Federal Rules of Civil Procedure Rule 60(b)(1)(6) (Docket Entry No.15) is DENIED. A certificate of appealability from this Order is also DENIED.

SIGNED at Houston, Texas, on _____June 29_____, 2010.

                                            EWING WERLEIN, JR.
                                  UNITED STATES DISTRICT JUDGE